# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA TRUSH,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 2:21-cv-03254-RBS |
| : | |
| **CITY OF PHILADELPHIA,** : | |
| Defendant. : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, by and through its undersigned counsel, hereby files the below Answer to the Complaint in the above-referenced action.

### I.  AS TO THE INTRODUCTION

1. This is a conclusion of law to which no response is required.

### II.  AS TO THE JURISDICTION AND VENUE

2. Admitted in part, denied in part. Admitted that this Court has jurisdiction. The remaining allegations in this paragraph are denied.

3. Admitted.

4. Admitted.

5. Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. All factual allegations are therefore denied.

### III. PARTIES

6. There are no facts pled in this paragraph, so no response is required. To the extent a response is required, denied.

7. Admitted, based on current information and belief.

8. Admitted.

9. This is a conclusion of law to which no response is required.

### STATEMENT OF FACTS

10. There are no facts pled in this paragraph, so no response is required. To the extent a response is required, denied.

11. Admitted.

12. Admitted, based on current information and belief.

13. Admitted.

14. Admitted in part, denied in part. Admitted that Plaintiff received salary increases throughout her employment with the City of Philadelphia. The remaining allegations in this paragraph are denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant is without knowledge of Plaintiff's subjective beliefs and can neither admit nor deny them. To the extent an Answer is required, denied.

19. Denied.

20. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual

averments contained in this paragraph. All factual allegations are therefore denied.

21. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. All factual allegations are therefore denied.

22. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. All factual allegations are therefore denied.

23. Admitted in part, denied in part. Admitted that Plaintiff's husband sent a text message to Councilman O'Neill as set forth in this paragraph. Denied to the extent the paragraph alleged that he sent the message in 2014. It is further denied that Shain made inappropriate sexual advances/gestures to Plaintiff in 2014.

24. Admitted.

25. Denied as stated. Councilman O'Neill stated that if what Plaintiff's husband told him is true, then Shain is a predator, and Councilman O'Neill stated that the allegations should be reported to the police.

26. Admitted in part, denied in part. Admitted that Plaintiff requested and was granted a leave of absence from work. The remaining allegations in this paragraph are denied.

27. Admitted in part, denied in part. Defendant admits that Plaintiff took a leave of absence from work for approximately three months. Plaintiff's assertion that this

was a reasonable accommodation under the ADA is a legal conclusion, which does not require a response. To the extent a response is required, denied.

28. Admitted.

29. Denied.

30. Denied as stated. Plaintiff reported to Ms. Rios that she did not feel comfortable working at the Bustleton office.

31. Denied as stated. In an e-mail to Plaintiff on February 7, 2017, Ms. Rios wrote, "City Council is committed to providing a safe environment for all employees. Based on your disclosure concerning your safety and wellbeing at the Bustleton Avenue and Bowler Street office, you are being assigned to the City Hall office until further notice."

32. Admitted in part, denied in part. Admitted that Plaintiff spoke with Ms. Rios on February 6, 2017. The remaining allegations in this paragraph are denied.

33. Admitted in part, denied in part. Admitted that Plaintiff provided details of the alleged sexual harassment to Ms. Rios. The remaining allegations in this paragraph are denied.

34. Admitted in part, denied in part. Admitted that pursuant to the City's Sexual Harassment Prevention Policy, a formal complaint shall be taken in writing and signed by the complainant. Admitted that Ms. Rios did not ask Plaintiff to reduce her complaint to writing or sign a statement. Denied that Ms. Rios never reduced Plaintiff's complaint to writing or otherwise did not follow the policy.

35. Denied as stated. In an e-mail to Plaintiff on February 7, 2017, Ms. Rios wrote, "City Council is committed to providing a safe environment for all employees.

Based on your disclosure concerning your safety and wellbeing at the Bustleton Avenue and Bowler Street office, you are being assigned to the City Hall office until further notice."

36. Admitted in part, denied in part. Admitted that on February 7, 2017, Plaintiff sent Ms. Rios an email stating she did "not understand why [she is] now being reassigned" and that she believed that "these actions are punitive and retaliatory." The remaining allegations in this paragraph are denied.

37. Admitted in part, denied in part. Admitted that on February 8, 2017, Plaintiff submitted a note from her medical provider requesting that Plaintiff "be able to continue working in her original home office" to assign with Plaintiff's "transition back to her regular work schedule." The remaining allegations in this paragraph are denied.

38. Admitted in part, denied in part. Admitted that Defendant continued Plaintiff's assignment to the City Hall office. The remaining allegations in this paragraph are denied.

39. Admitted.

40. Denied.

41. Denied.

    i. Admitted.

    ii. Denied.

    iii. Denied.

    iv. Denied.

    v. Denied.

vi. Denied.

42. Denied.

43. Admitted.

44. Admitted in part, denied in part. Admitted that Plaintiff sent an email to Ms. Rios on March 2, 2017 requesting a status update on the investigation. By way of further answer, Ms. Rios provided Plaintiff with an update on the investigation on February 14, 2017 and on March 2, 2017. The remaining allegations in this paragraph are denied.

45. Admitted.

46. Admitted in part, denied in part. Admitted that Councilman O'Neill sent Plaintiff an email informing her of her new permanent assignment to legislative affairs at City Hall reporting to Ms. Udovich. The remaining allegations in this paragraph are denied.

47. Admitted in part, denied in part. Admitted that Plaintiff was informed that Ms. Udovich would train her. The remaining allegations in this paragraph are denied.

48. Admitted.

49. Admitted.

50. Denied.

51. Denied.

52. Denied as stated. On April 11, 2017, Councilman O'Neill wrote,

> Dear Mrs. Trush, I am writing to thank you for your years of service to the citizens of Philadelphia. Following an internal staff review, your employment with the office of Councilman Brian J. O'Neill will be terminated effective end of business today. Your last paycheck will be mailed to you on Friday, April 28, 2017 and any lump sum vacation pay should arrive in

six to eight weeks. Your medical benefits will terminate April 30, 201. I am enclosing information regarding COBRA so that you may continue your healthcare benefits in May, 2017. You may be eligible for unemployment compensation. I recommend you contact your local state office to inquire. Feel free to contact Linda Rios Neuby with any human resources questions. I wish you all the best in your future endeavors. Sincerely, Brian J. O'Neill.

The remaining allegations in this paragraph are denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendant is without information sufficient to respond to this allegation. As such, it is denied.

57. Denied.

58. Admitted.

59. Denied as a conclusion of law.

## AS TO COUNT I: RETALIATION

60. There are no facts pled in this paragraph, so no response is required. To the extent a response is required, denied.

61. Denied as a conclusion of law.

62. Denied as a conclusion of law.

## AS TO COUNT II: RETALIATION
## PHRA

63. There are no facts pled in this paragraph, so no response is required. To the extent a response is required, denied.

64. Denied as a conclusion of law.

### AS TO COUNT III: VIOLATIONS OF THE ADAAA

65. There are no facts pled in this paragraph, so no response is required. To the extent a response is required, denied.

66. Denied as a conclusion of law.

67. Denied as a conclusion of law.

68. Denied as a conclusion of law.

69. Denied as a conclusion of law.

70. Denied as a conclusion of law.

### AS TO COUNT IV: VIOLATIONS OF THE PHRA RETALIATION[1]

71. There are no facts pled in this paragraph, so no response is required. To the extent a response is required, denied.

72. Denied.

### AS TO THE PRAYER FOR RELIEF

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

F. Defendant does not dispute Plaintiff's claim for a jury trial.

---

[1] Count IV repeats the claim set forth in Count II.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Answering Defendant asserts all of the defenses, immunities, and limitations of damages available to its under the "Political Subdivision Tort Claims Act" and avers that Plaintiff's remedies are limited exclusively thereto. Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

Respectfully Submitted,
CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: January 3, 2022      BY:    s/ *Nicole S. Morris*
Nicole S. Morris
Chief Deputy City Solicitor
Attorney ID #88265
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA TRUSH,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 2:21-cv-03254-RBS |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Answer to the Complaint with Affirmative Defenses has been filed electronically and is available for viewing and downloading.

                                                          Respectfully Submitted,
                                                          CITY OF PHILADELPHIA
                                                          LAW DEPARTMENT

Date: <u>January 3, 2022</u>        BY:   s/ *Nicole S. Morris*
                                                                  Nicole S. Morris
                                                                   Chief Deputy City Solicitor
                                                                   Attorney ID #88265
                                                                   City of Philadelphia Law Department
                                                                   1515 Arch Street, 16th Floor
                                                                   Philadelphia, PA 19102