# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA TRUSH | : |
| Plaintiff, | : CIVIL ACTION |
| | : CASE NO.: 21-3254 |
| v. | : |
| CITY OF PHILADELPHIA | : |
| Defendant. | : |

## ORDER

AND NOW, this _____ day of _____, 2022, after consideration of Plaintiff's Motion to Compel, and following this Honorable Court's review of the identified email(s) *in camera* for attorney-client privilege, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED.** Defendant shall provide the identified email(s) between Defendant's agents and others to Plaintiff, which shall be produced as unredacted, within five (5) days of the date of this order.

_____
The Honorable R. Barclay Surrick, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA TRUSH : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | CASE NO.: 21-3254 |
| v. : | |
| : | |
| CITY OF PHILADELPHIA : | |
| : | |
| : | |
| Defendant. : | |

**MOTION TO COMPEL DISCOVERY**

Plaintiff, by and through her undersigned counsel, hereby files the instant Motion to Compel Discovery.

**I.   BASIS FOR THE INSTANT MOTION**

As outlined during the initial telephone conference held on May 11, 2022, Defendant initially produced 132 unredacted documents on February 9, 2022 as part of their R.26 Initial Disclosures. Notably at that time, Defendant did not identify any alleged privilege or make redactions to any of the 132 documents. One month later, and after Plaintiff granted Defendant an extension for production, on March 7, 2022, Defendant made another approximate 200+ page production in response to Plaintiff's written discovery requests, along with a privilege log.

However, earlier that same day – and for the first time – Defendant claimed that "some of the documents I sent to you in Defendant's Initial Disclosures, documents 1-132, contain attorney-client privileged communication." Further, Defendant requested "I would like to send you a redacted copy and for you to destroy the copy I sent to you. Once you have had a chance to review the Disclosures, please advise." (emphasis added). Thus, Plaintiff responded that same day "I will take a look once we have the redacted copies." On March 9, 2022, Defendant then produced a

"redacted" version of the initial 132 documents to "replace" the originals. Following Defendant's March 7 and March 9, 2022 productions, on March 14, 2022, Defendant sent Plaintiff an email attaching another newly redacted document labeled "City-Trush198," and claimed that the new redactions were also due to privilege. Including City-Trush198, to date Defendant has redacted 70 documents/emails, either entirely or in part, solely due to Defendant asserting that all or some of the information contained is protected by attorney-client privilege.

Yet, because Defendant produced one email chain (City-Trush81-82) which was initially not redacted, but which Defendant then later claimed privilege and redacted the entire email, Plaintiff was able to determine that <u>Defendant was improperly redacting substantive emails based upon an improper assertion of privilege</u>. In short, this email chain (City-Trush81-82) contains Plaintiff making a complaint of discrimination/retaliation to Defendant's Human Resources Linda Rios, who in turn forwards the email to Defendant's counsel. As outlined *infra,* the text within the email is not in any way privileged communication as it is not seeking or conveying legal advice.

In following this practice, Defendant has improperly redacted dozens of other emails solely based upon an assertion of attorney-client privilege, while at the same time redacting the sender, receiver, and date(s) of the emails despite same not covered by privilege. Likewise, Defendant has not provided any of that information within the privilege log, making it so there is no way for Plaintiff to identify whether or not the information contained within the document would be covered by privilege.[1] Instead, Defendant has simply identified the "reason for non-production" as

---

[1] This is inapposite of the purpose of a privilege log: "typically the logs will identify each document and the individuals who were parties to the communications, **providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure**." *Bowne of N.Y. City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y.1993) (quoted in *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, MDL No. 969, 1994 WL 6883, at *2, 1994 U.S. Dist. LEXIS 1344, at *5–6 (E.D.Pa. Jan. 5, 1994). Indeed, [a]ttorney-client privilege, or work-product protection, are "not satisfied by mere conclusive or ipsa dixit assertions." *Am. Health Sys., Inc. v. Liberty Health Sys.,* Civ. A. No. 90–3112, 1991 WL 42310, at *5, 1991 U.S. Dist. LEXIS 3675, at *13 (E.D.Pa. Mar. 26, 1991).

"attorney-client privilege communication." That's it. No other information has been provided as to why Defendant claims that Plaintiff's communications to Human Resources are privileged, and Defendant has not provided additional information – i.e. the sender, receiver, topic discussed, etc. – as to why Defendant has redacted dozens of other documents/emails.

Therefore, given that is it clear Defendant has failed to properly redact emails/documents and has failed to sufficiently identify the reasoning for the redactions, and in accordance with Your Honor's May 16, 2022 Order, Plaintiff respectfully request that Your Honor order Defendant to produce to Your Honor for review *in camera* the following documents as unredacted in order to determine whether they are protected by attorney-client privilege. The documents to be produced by Defendant for *in camera* review are bates labeled: "City-Trush" 81-82; 157; 160-61; 164-167; 170; 172-175; 178-184; 188-89; 192-94; 198; 204-05; 214-219; 224-25; 227; 231-32; 234-39; 240; 242; 245; 248; 250-1; 253; 255; 257-58; 265; 275; 278; 281; 289-90; 295-97; 300-05. If following the *in camera* review, Your Honor finds some and/or all are not covered by attorney client privilege, then Plaintiff respectfully requests that Your Honor order Defendant to produce the unredacted versions to Plaintiff. In the event that Your Honor determines Defendant has properly asserted privilege in some instances, then Defendant's privilege log must be revised.

**II.  LEGAL ARGUMENT**

  a. *Assertion Of The Attorney-Client Privilege Is A <u>Burden</u> Which Defendant Has Not Met*

Courts generally agree that the party asserting the attorney-client privilege bears the burden of proof to show that the privilege has been properly invoked by meeting the traditional elements of the attorney-client privilege. *Rhone-Poulenc Rorer v. Home Indem. Co.* 32 F.3d 851, 862 (3rd Cir. 1994). The party asserting the privilege must satisfy each of the following:

> (1) the asserted holder of the privilege is or sought to become a client; (2) **the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate**,

>and (b) <u>in connection with this communication is acting as a lawyer</u>; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) **<u>for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding</u>**, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Id.* (emphasis added*)*(*citing In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979); *also citing* 8 Wigmore, *Evidence*, § 2292, at 554 (J. McNaughton rev. 1961) (1st ed. 1904)).

The central inquiry regarding whether the attorney-client privilege applies ". . .is whether the communication was made by a client to an attorney *for the purpose of obtaining legal advice*." *Sampson v. School Dist. of Lancaster*, 262 F.R.D. 469, 474 (E.D. Pa. 2008)(*citing In re Spalding Sports Worldwide*, 203 F.3d 800, 805 (Fed. Cir. 2000)).  However, "[I]n general, attorney-client "privilege does not shield documents merely because they were transferred to or routed through an attorney." *Resolution Trust Corp. v. Diamond*, 773 F.Supp. 597, 600 (S.D.N.Y.1991). "What would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda." *Andritz Sprout–Bauer, Inc. v. Beazer E., Inc*., 174 F.R.D. 609, 633 (M.D.Pa.1997) (citing *U.S. Postal Serv. v. Phelps Dodge Refining Corp.,* 852 F.Supp. 156, 163–64 (E.D.N.Y.1994))." *SmithKline Beecham Corp. v. Apotex Corp*., 232 F.R.D. 467, 478 (E.D.Pa.,2005)(J. Surrick).

Here, Defendant will not be able to provide this Honorable Court with a detailed and specific showing to withhold discovery, i.e. redacted emails either entirely or partially, on the grounds of privilege as required by the Federal Rules of Civil Procedure. "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe

the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).

The Third Circuit has rejected "broadside invocation[s] of privilege" which fail to "designate with particularity the specific documents or file to which the claim of privilege applie[s]." *United States v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980). In addition to properly asserting a privilege, the moving party seeking a protective order for purportedly privileged documents must demonstrate that a particularized harm is likely to occur if the disputed documents are disclosed. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Moreover, a party asserting the claim of privilege should describe the allegedly protected discovery through a *proper* privilege log which describes "what specific documents in dispute have been withheld, who created them, to whom they were sent and/or copied, and the subject of the documents." *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 187 (D.N.J. 2012).

In this case, Defendant has improperly redacted the entire email chain labeled City-Trush81-82. More specifically, Defendant has redacted the communications, dated March 7 to 9, 2017, made between Plaintiff and Defendant's Human Resources employee Linda Rios wherein Plaintiff made a complaint of discrimination/retaliation relating to Defendant unilaterally forcing Plaintiff to move from her office located at Bustleton and Bowler to the City Hall office, all which followed her initial November 2016 complaint of sexual harassment and her taking FMLA. Under *Rhone-Poulenc Rorer,* 32 F.3d at 862, Defendant will not be able to establish that such communications are in any way privileged. Indeed, Your Honor has noted "courts have recognized that "the privilege obstructs the search for the truth and because its benefits are, at best 'indirect and speculative,'" and therefore "it must be 'strictly confined within the narrowest possible limits

consistent with the logic of its principle.'" *Smithkline Beecham Corp. v. Apotex Corp.,* 232 F.R.D. 467, 472 (E.D. Pa. 2005)(internal citations omitted).

Similarly, Defendant has improperly redacted City-Trush198, an email wherein Mary Ellen Milovsky, Defendant's Administrative Services Director, writes to Linda Rios that she spoke with Defendant's counsel, but she does not discuss any substantive legal advice. For the purposes of this motion, Plaintiff refrains from citing the exact text or making reference to what is cited since that very text is at issue in this motion. However on this subject, "Plaintiffs are entitled to discovery regarding the underlying facts of the investigation." *Sullivan v. Warminster Twp.,* 274 F.R.D. 147, 151 (E.D. Pa. 2011). "This simply reflects the truism that it is the communications and not the underlying facts that are privileged." *Sullivan*, 274 F.R.D. at 151 (E.D. Pa. 2011)(internal citations omitted).

In addition to City-Trush81-82 and City-Trush198, Defendant has redacted, either entirely or in part, 67 other documents/emails. Given that is it clear Defendant has made improper redactions and will likewise not be able to establish that such documents are covered by privilege, then all of Defendant's redacted documents must be reviewed *in camera* in order to determine if Defendant has properly asserted attorney client privilege. Again, the documents to be produced by Defendant for *in camera* review are bates labeled: "City-Trush" 81-82; 157; 160-61; 164-167; 170; 172-175; 178-184; 188-89; 192-94; 198; 204-05; 214-219; 224-25; 227; 231-32; 234-39; 240; 242; 245; 248; 250-1; 253; 255; 257-58; 265; 275; 278; 281; 289-90; 295-97; 300-05.

b. ***Defendant's Privilege Log Is Deficient And If Your Honor Finds That Any of the Identified Documents Are Covered By Privilege, The Log Should Be Revised***

In the event that Your Honor determines Defendant has properly asserted attorney-client privilege over any of the documents identified above, then Defendant's privilege log must be appropriately revised. "A proper claim of privilege requires a specific designation and description

of the documents within its scope as well as precise and certain reasons for preserving their confidentiality." *Smithkline v. Beecham Corp. et al.*, 232 F.R.D. 467, 482 (E.D. Pa. 2005) (quoting *Foster v. Berwind Corp.*, Civ. A. No. 90-0857, 1990 U.S. Dist. LEXIS 17045, *5, 1990 WL 209288, *2 (E.D. Pa. Dec. 10, 1990).

Where a party intends to rely on a privilege log, a certain level of information is required to meet the initial threshold for invoking the privilege:

> [T]ypically the logs will identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between the individuals listed in the log and the litigating parties, the maintenance of confidentiality and the reasons for any disclosures of the document to individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected. Id.

(quoting *Bowne of N.Y. City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D. N.Y. 1993) (other citations omitted)). "[M]ere conclusive or ipsa dixit assertions" fall short of the information needed to present a proper privilege log. *Id.* (*quoting American Health Systems, Inc. v. Liberty Health System*, Civ. A. No. 90-3112, 1991 U.S. Dist. LEXIS 3675, *13, 1991 WL 42310, *5 (E.D. Pa. Mar. 26, 1991).

Moreover, "the description of each document and its contents must be sufficiently detailed to allow the court to determine whether the elements of attorney-client privilege . . . have been established. Failing this, the documents must be produced." *Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 475 (E.D. Pa. 2005)(internal citations omitted). "The rule does not attempt to define for each case what information must be provided . . . . details concerning time, persons, general subject matter, etc. may be appropriate." *Ibid.* "Where descriptions in the privilege log fail

to meet this standard, "then disclosure is an appropriate sanction." *Ibid.*

Here, Defendant's privilege log is woefully deficient as Defendant fails to identify any information beyond stating that the "reason for non-production" is "attorney-client privilege communication." Accordingly, in the event that Your Honor determines Defendant has properly asserted attorney-client privilege in some instances, then Defendant's privilege log must be revised to include "details concerning time, persons, general subject matter, etc." *Smithkline Beecham Corp.*, 232 F.R.D. at 475.

### III. CONCLUSION

For the reasons outlined *herein*, Plaintiff respectfully requests that this Honorable Court grant the instant Motion.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ David N. Korsen*
_____
David N. Korsen, Esquire
Two Greenwood Square
3331 Street Road, Suite 128
Bensalem PA 19020
(215) 639-0801 Phone
(215) 639-4970 Fax

Dated:  May 31, 2022

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA TRUSH | : |
| Plaintiff, | : CIVIL ACTION |
| | : CASE NO.: 21-3254 |
| v. | : |
| CITY OF PHILADELPHIA | : |
| Defendant. | : |

**CERTIFICATE PURSUANT TO LOCAL CIVIL RULE 26(f)**

I certify that, after reasonable efforts, the parties are unable to resolve the dispute at issue.

*/s/ David N. Korsen*

David N. Korsen

Dated: May 31, 2022

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA TRUSH | : |
| Plaintiff, | : CIVIL ACTION |
| | : CASE NO.: 21-3254 |
| v. | : |
| CITY OF PHILADELPHIA | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I certify on the date set forth below that I sent Plaintiff's Motion to Compel at the following address via ECF:

Nicole S. Morris, Esq.
Michael Sheehan, Esq.
Chief Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
nicole.morris@phila.gov
michael.sheehan@phila.gov

*/s/ B. Stefania Ursu*

B. Stefania Ursu
*Paralegal*

Dated: May 31, 2022