**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


LINDA TRUSH                              :
                                         :       CIVIL ACTION
                v.                       :
                                         :       NO. 21-3254
CITY OF PHILADELPHIA                     :


**MEMORANDUM**


**SURRICK, J.**                                    **NOVEMBER 14, 2023**

        Presently before the Court is Plaintiff's Motion to Compel Discovery (ECF No. 18).  For

the following reasons, Plaintiff's Motion is granted in part and denied in part.

## I.   BACKGROUND

        Plaintiff alleges that her former employer, the City of Philadelphia ("Defendant" or "the

City"), violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et.*

*seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"), and

the Pennsylvania Human Relations Act, 43 Pa. C.S. § 951, *et. seq.* ("PHRA"), when it subjected

her to a hostile work environment and fired her after she complained that a co-worker sexually

harassed her.  (Compl., ECF No. 1.)

## II.   PROCEDURAL HISTORY

        Plaintiff challenged the City's assertions of attorney-client privilege and redactions on the

basis of privilege after her counsel compared a single email chain that the City initially produced

without redactions to a redacted version that was reproduced after the initial document was

clawed back.  (Mot., ECF No. 18, at 2-4 (ECF pagination)).  Plaintiff raised her concern in a

letter to the Court, and after a telephonic conference with counsel, we ordered Plaintiff to file a

motion in support of her request for unredacted emails from the City.  (Order, ECF No. 17.)  In

its Motion, Plaintiff claimed that the City has improperly withheld and/or redacted documents on the basis of attorney-client privilege.  (Mot.)  She requested that the Court order the City to produce unredacted versions of the documents and/or a revised privilege log after conducting an *in camera* review.  *Id*.  In response, the City defended its assertions of attorney-client privilege and claimed that "Plaintiff is not entitled to wholesale production of documents that Defendant has designated as privileged simply because its counsel does not agree with the manner in which Defendant's counsel redacted the documents."  (Opp'n, ECF No. 19, at 7.)  The City provided us with the documents Plaintiff identified and three privilege logs for *in camera* review.

III.   **LEGAL STANDARD**

"District courts have broad discretion to manage discovery."  *Sullivan v. Warminster Tp.*, 274 F.R.D. 147, 150 (E.D. Pa. 2011) (citing *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  The attorney-client privilege is relevant for purposes of this Motion.

The attorney-client privilege attaches to "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client."  *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (quoting Restatement (Third) of the Law Governing Lawyers § 68 (2000)); *see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994).  "'Privileged persons' include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation."  *In re Teleglobe Commc'ns Corp.*, 493 F.3d at 359 (quoting Restatement (Third) of the Law Governing Lawyers § 70).

2

IV.     **DISCUSSION**

The Court reviewed thirty-nine documents *in camera*.  While the City has properly withheld some documents on the basis of attorney-client privilege, we order the production of documents that are not privileged.  As specified below, they shall be produced either in whole or with revised, narrowed redactions.  The City's privilege logs do not comply with Federal Rule of Civil Procedure 26(b)(5), and the City is ordered to produce to Plaintiff a revised privilege log.

A.     **Documents Properly Withheld**

The following documents were properly withheld or redacted on the basis of attorney-client privilege: Documents 157, 160-161, 164-167, 170, 188-189, 231-232, 245, 248-249, 257-258, 275, 281, 289-290, 295-297, 302-303, 304-305.  These documents consist of communications in which attorneys give, request, or are provided with information for the purpose of providing legal advice.  *See In re Teleglobe Commc'ns Corp.*, 493 F.3d at 359.  For example, they include communications concerning Plaintiff's claims, posing questions to a lawyer about the City's investigation of the matter, asking a lawyer to review draft communications, and include communications drafted by a lawyer.

B.     **Documents Improperly Withheld or Redacted**

The attorney-client privilege is construed narrowly, *In re Domestic Drywall Antitrust Litig.*, No. 13-2437, 2014 WL 5090032, at *4 (E.D. Pa. Oct. 9, 2014), and the "general subject matters of clients' representations are not privileged."  *U.S. v. Legal Services for New York City*, 249 F.3d 1077, 1081 (D.C. Cir. 2001).  As specified in this section, the Court orders the City to reproduce some documents in whole or with revised redactions.  Common themes emerge from our *in camera* review.

First, communications concerning scheduling a meeting that do not include requests for legal advice or reveal the underlying legal advice are not privileged. *See SodexoMAGIC, LLC v. Drexel Univ.*, 291 F. Supp. 3d 681, 686 (E.D. Pa. 2018) (finding that a document that "reflects a scheduled appointment in which a lawyer is invited" is not privileged because "[t]here is no[] request for legal advice associated with a meeting request, even though the discussion at the meeting might be privileged."); *Dansko Holdings, Inc. v. Benefit Trust Co.*, No. 16-324, 2017 WL 5593321, at *7 (E.D. Pa. Nov. 21, 2017) (finding that documents relating to "routine scheduling matters" are not privileged). Accordingly, the City shall produce the following documents with revised redactions: Documents 178-184, 192-194, 214-219, 224-225, 234-238.

Second, the Third Circuit has not addressed whether communications that forward non-privileged information to a lawyer, state "FYI" or a similar message, and do not reflect the provision of legal advice are privileged. "It is possible to conceive 'FYI' as implicitly seeking legal advice[,]" while, "[o]n the other hand, 'FYI' is most commonly interpreted as simply passing along information with no further response or action required." *M.H. v. Akron City Sch. Dist. Bd. of Educ.*, No. 18-870, 2019 WL 4346274, at *3 (N.D. Ohio Sept. 12, 2019). One district court in the Circuit found that "[m]essages such as fax cover sheets which merely forward a document to counsel are not protected by attorney client privilege." *Cmty. Ass'n Underwriters of Am, Inc. v. Queensboro Flooring Corp.*, No. 10-1559, 2014 WL 6676142, at *3 (M.D. Pa. Nov. 25, 2014) (finding that a transmittal email stating "Please read and call me to discuss" and enclosing non-privileged material was not privileged). District courts in other Circuits routinely hold that communications that forward a non-privileged document to counsel and do not call for action or forbearance from the recipient or provide or request legal advice are not protected by the attorney-client privilege. *See Gattineri v. Wynn Ma, LLC*, No. 18-11229,

2020 WL 6940817, at *3 (D. Mass. Aug. 17, 2020) (collecting cases); *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. 05-0583, 2006 WL 2255538, at *2 (E.D. Cal. Aug. 7, 2006) ("[T]he dissemination of information to the lawyer must indicate that the lawyer is being addressed so that advice can be formulated or action taken, not simply for FYI reasons").  We are persuaded that such communications are not protected when they do not "provide[] or seek[] legal advice" or "divulge attorney mental impressions, case strategy or legal conclusions."  *M.H.*, 2019 WL 4346274, at *3.  Accordingly, Documents 81-82, 204-205, 239, 242, 265, 278 shall be produced in whole, and Documents 172-175 shall be produced with revised redactions.

Third, documents in which non-lawyers discuss communicating with a lawyer, without disclosing the matter for which they seek legal advice or relaying the legal advice provided by the lawyer, are not privileged.  *See Fed. Trade Comm'n v. Abbvie, Inc.*, No. 14-5151, 2015 WL 8623076, at *8 (E.D. Pa. Dec. 14, 2015) ("There is no privilege where one non-attorney employee states to another non-attorney employee his or her desire to speak with in-house counsel."); *see also Indenix Pharm., Inc. v. Gilead Sci., Inc.*, 195 F. Supp. 3d 639, 643 (D. Del. 2016) (holding that an email from one non-lawyer to another non-lawyer within the same corporation suggesting meeting a newly-hired lawyer was not privileged).  In contrast, information from counsel relayed by a non-lawyer to another non-lawyer within a company may be privileged if it is shared for the purpose of obtaining or providing legal counsel or shared with an employee who needs the information to carry out their work or make effective decisions.  *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 633 (M.D. Pa. 1997).  Accordingly, the City shall produce Documents 240, 250, 251-252, 253 in whole and Documents 172-175, 198, 255, 300 with revised redactions.

Fourth, communications in which a lawyer informs non-lawyers of the existence of a non-privileged conversation, without including their mental impressions, case strategy or legal conclusions, are not privileged. Such communications are not "for the purpose of obtaining or providing legal assistance for the client." *In re Teleglobe Commc'ns Corp.*, 493 F.3d at 359. Thus, Document 301 is not privileged and shall be produced in whole.

Fifth, communications that copy a lawyer but are "not for the primary purpose of seeking legal advice" are not protected by the attorney-client privilege. *See SodexoMAGIC, LLC*, 291 F. Supp. 3d at 686. As a result, Document 227 is not privileged and shall be produced in whole.

Accordingly, the City is ordered to produce the following documents in whole: Documents 81-82, 204-205, 227, 239, 240, 242, 250, 251-252, 253, 265, 278, 301. The City is ordered to produce the following documents with revised redactions and log entries on a revised privilege log: Documents 172-175, 178-184, 192-194, 198, 214-219, 224-225, 234-238, 255, 300.

### C.     Revised Redactions

The City has heavily and excessively redacted the documents produced to Plaintiff. Documents shall be produced with narrowed redactions in accordance with the following principles:

As a general rule, the To, From, Subject line, and Attachment fields of communications should not be redacted unless they contain privileged information. *See, e.g.*, *Pub. Citizen, Inc. v. United States Dep't of Educ.*, 388 F. Supp. 3d 29, 42 (D.D.C. 2019) (collecting cases); *Jordan v. U.S. Dep't of Labor*, No. 18-6129, 2018 WL 6591807, at *2 (W.D. Mo. Dec. 14, 2018) (noting that the content of emails were redacted but the sender, recipients, date, and subject line were released); *Whatever It Takes Transmissions & Parts Inc. v. Cap. Core, Inc.,* No. 10-72, 2011 WL

13157183, at *4 (S.D. Ohio July 5, 2011) (stating that the "To:", "Sent:", and "Subject:" lines of emails … should not be redacted").

"It is [only] proper to 'withhold the title of documents . . . on grounds of privilege if the document title, without reference to the document's contents, reveals privileged information.'" *Mitre Sports Int'l Ltd. v. Home Box Off., Inc.*, No. 08-9117, 2010 WL 11594991, at *15 n.45 (S.D.N.Y. Oct. 14, 2010) (quoting *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 943 (D.D.C. 2006); *see also Pub. Citizen, Inc.*, 388 F. Supp. 3d at 42 (holding that subject lines were properly redacted on the basis of attorney-client privilege when they "reveal the specific nature of [a party's] legal inquiry" and reveal more than the "general subject matter" discussed). This is not the case here.  The sender, recipients, date, subject line and attachment fields of all documents produced with redactions shall be reproduced without redactions.   (For documents withheld entirely on the basis of attorney-client privilege, these fields shall be included in a revised privilege log.)

With respect to limiting the redactions, we offer guidance to the City based on the following four examples:

- **Documents 172-175:**  Document 172: The February 9, 2017, 3:42 pm email should not be redacted because it forwarded information to a lawyer and does not include a request for legal advice.  Document 174: Only the second sentence of the second line should be redacted because it specifies what the attorney conveyed.  All of the to/from/subject line/attachment fields should be unredacted because they do not contain privileged information.

- **Documents 178-184**: Documents 178-181 are not privileged and should not be redacted.  They pertain to scheduling matters.  Document 182: The content of the February 14, 2017, 11:13 am email and the response in the first sentences of the February 14, 2017, 11:14 am email may be redacted because a lawyer seeks information that is provided in the response.  Document 183: The second email is privileged because it is a draft written by a lawyer.  The first email, dated February 14, 2017, 12:37 pm is not privileged.  Document 184 is privileged. None of the to/from/subject lines in this thread should be redacted.

- **Document 198:** Only the information that communicates what an attorney conveyed should be redacted.

- **Documents 224-225:** Document 224 should not be redacted.  Specifying a general topic of discussion is not privileged.  Document 225: In the March 1, 2017, 1:30 pm email, the last word of the first line and the second line may be redacted because they specify the legal inquiry.  No other information in this email thread should be redacted.

In accordance with these principles, we order the City to reproduce documents with more tailored redactions.

D.      **Revised Privilege Log**

The Court orders the City to produce to Plaintiff a revised privilege log in accordance with the principles articulated here.

The City has produced to Plaintiff and provided the Court three privilege logs.  They are all insufficiently detailed:

- The first spreadsheet, titled "Trush Privilege Log 3.14.22," includes thirty-one entries and three columns: "Bates range," "Redacted or withheld," and "Reason for non-production."  "Attorney-client privilege communication" is the reason provided for all of the entries in the last column, and no further details are provided about the documents or the justifications for asserting the privilege.

- The second spreadsheet, titled "Defendant's Privilege Log 6.15.22," includes twenty-eight entries and five columns: "Bates range," "Document," "Date," "Redacted or withheld," and "Reason for non-production."  In the "Document" column, the sender and recipient of each entry are identified, without their title or indication if any participant is a lawyer, and indication if the entry corresponds to a single email or multiple emails.  Like the first privilege log, in the "Reason for non-production" column, all of the entries state "Attorney-client privileged communication."  No further information is provided.

- The third spreadsheet, titled "Trush Privilege Log 11.3.23," includes ten entries and three columns: "Bates range," "Redacted or withheld," and "Reason for non-production."  Again, only attorney-client privilege is asserted and no further information is provided.

Federal Rule of Civil Procedure Rule 26(b)(5) provides that "when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to

protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed."  The privileged or protected material must be described "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii).

In a privilege log, "the description of each document and its contents must be sufficiently detailed to allow the court to determine whether the elements of attorney-client privilege . . . have been established."  *SmithKline Beechman Corp. v. Apotex Corp.*, 232 F.R.D. 467, 475 (E.D. Pa. 2005).  "A proper claim of privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality."  *SmithKline Beechman Corp.*, 232 F.R.D. at 482 (citing *Foster v. Berwind Corp.*, No. 90-857, 1990 WL 209288, at *2 (E.D. Pa. Dec. 10, 1990)).  Descriptions should "demonstrate how, with respect to each communication, legal advice or legal services were being requested, rendered, secured, sought, or provided."  *Id.* at 483.  "[P]roviding the substance of the documents' contents" would "frustrate the purposes of the privileges," but "the general topic of each document . . . must be disclosed."  *Wei v. Bodner*, 127 F.R.D. 91, 96 (D.N.J. 1989).

In addition to a general description of the privileged materials contained in each document, for each document or communication claimed as privileged or protected, a privilege log must include the date of the document, the name(s) of its author, the name(s) of its recipient(s), the names of all people given copies of the document, the subject of the document, and the privilege or privileges asserted.  *See Murphy v. Twp. of Millstone, N.J.*, 2022 WL 2118185, at *15 (D.N.J. June 13, 2022) (citing *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1208-09 (D.N.J. 1996); *see also Contour Data Sols. LLC v. Gridforce Energy Mgmt, LLC*, No. 20-3241,

2022 WL 2709692, at *2 (E.D. Pa. Feb. 10, 2022) (describing a privilege log that complies with Fed. R. Civ. P. 26(b)(5)).  In addition, each email in an email thread for which a privilege is asserted must be separately logged in order to claim privilege over that particular communication.  *See Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 238, 240-41 (E.D. Pa. 2008).

The City's three privilege logs lack these basic requirements and are not "sufficiently detailed to allow the court to determine whether the elements of attorney-client privilege … have been established."  *SmithKline Beechman Corp.*, 232 F.R.D. at 475.  As a result, the Court orders the City to produce to Plaintiff a revised privilege log in accordance with these principles within twenty-one (21) days of the accompanying Order.

## V.   CONCLUSION

For the following reasons, we grant Plaintiff's Motion in part and deny the Motion in part.  The City shall produce to Plaintiff 1) documents in accordance with this Memorandum within fourteen (14) days of this Order and 2) a revised privilege log in accordance with this Memorandum within twenty-one (21) days of this Order.

To the extent this Order implicates subsequent deadlines, the parties shall submit a joint letter via ECF within twenty-eight (28) days of this Order proposing new dates for the end of discovery and any dispositive motions and responses.  If the parties are not able to agree on proposed dates, the parties shall state in their letter each parties' position and preferred dates.

An appropriate Order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. Barclay Surrick, J.**

10